# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Todd Boggis**, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **City of Moorhead**; and **Officer J. Hanson, Officer T. Hennen, Officer M. Fildes, Officer B. Kvam, Officer S. Van Dyke, Officer B. Heide,** and **Sergeant C. Martin**, in their individual and official capacities, | |
| Defendants. | |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and/or Fourteenth Amendment to the United States Constitution, and under the common law of the State of Minnesota, against the City of Moorhead and Officers J. Hanson, T. Hennen, M. Fildes, B. Kvam, S. Van Dyke, B. Heide, and Sergeant C. Martin, police officers of the City of Moorhead, in their individual and official capacities.

2. It is alleged that the Defendant Officers engaged in unreasonable seizure, excessive force, and failure to protect the Plaintiff, violating his rights under the Fourth and/or Fourteenth Amendment to the United States Constitution, and that these violations were committed as a result of policies and customs of the City of Moorhead. It is further alleged that Defendants engaged in assault, battery and malicious prosecution of Plaintiff under Minnesota state law.

1

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Todd Boggis ("Mr. Boggis") was at all material times a resident of Moorhead, Minnesota, and of full age.

6. Defendant Police Officers J. Hanson ("Ofc. Hanson"), T. Hennen ("Ofc. Hennen"), M. Fildes ("OFC. Fildes"), B. Kvam ("Ofc. Kvan"), S. Van Dyke ("Ofc. Van Dyke"), B. Heide ("Ofc. Heide"), and Sergeant C. Martin ("Sgt. Martin") were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Moorhead, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Moorhead.

7. The City of Moorhead, Minnesota, is a municipal corporation and the public employer of the Defendant Officers. Defendant City of Moorhead is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Officers J. Hanson, T. Hennen, M. Fildes, B. Kvam, S. Van Dyke, B. Heide, and Sergeant C. Martin.

## FACTS

8. On November 3, 2019 at approximately 5:30 p.m., Plaintiff Mr. Boggis was visiting a

friend in another apartment in his apartment complex. There were a few others in the apartment for a small party.

9. A man at the party was offering people drugs. This was very offensive to Mr. Boggis. Mr. Boggis told the man to leave the building. After a verbal exchange, the man told Mr. Boggis, "Let's take this outside."

10. As soon as Mr. Boggis walked outside of the apartment, the man jumped him and beat him up.

11. Someone from the apartment complex called police to report a fight in progress.

12. Moorhead police officers Hanson and Hennen arrived at the apartment complex approximately 5:45 pm and found Mr. Boggis on the floor.

13. By this time, a small crowd had gathered. Officers Fildes, Kvam, Van Dyke, Heide, and Sergeant Martin arrived and moved the crowd down the hallway.

14. Mr. Boggis attempted to explain to the officers that the man who assaulted him was among the crowd down the hallway but the officers would not listen to him.

15. Mr. Boggis became concerned that police would allow his assailant to leave. He got up and walked toward the crowd to point out his assailant.

16. At that point, Officer Hanson came up behind Mr. Boggis and wrapped his arm around Mr. Boggis' waist. Mr. Boggis stopped walking.

17. Although Mr. Boggis was no longer moving toward the crowd, and was no threat to the officers or bystanders, Officer Hanson threw him to the floor, landing on top of Mr. Boggis and shattering his right femur.

18. At no point did Officer Hanson order Mr. Boggis to stop.

19. At no point did Officers Hennen, Fildes, Kvam, Van Dyke, Heide, or Sergeant Martin intervene to stop Officer Hanson's use of excessive force.

20. Officers Hennen, Fildes, Kvam, Van Dyke, Heide and or Sergeant Martin all failed to report Officer Hanson's use of excessive force.

21. An ambulance was called and Mr. Boggis was taken to a hospital.

22. Despite witness statements identifying the other man as the assailant, Defendant Officers falsified their police reports and falsely charged Mr. Boggis with obstruction of legal process and disorderly conduct by brawling or fighting.  Just as Mr. Boggis feared, his assailant was never charged.

23. Because of his frequent hospitalizations, Mr. Boggis was in no condition to vigorously defend himself against the false charges.  He accepted a plea agreement for the disorderly conduct charge with no jail time in exchange for dismissal of the obstruction of legal process charge.

24. As a result of Defendant Officers actions, Mr. Boggis has endured multiple hospitalizations and surgeries.  He was unable to walk for almost two years.  He continues to suffer prolonged physical pain and disability.

25. , As a result of Defendant Officers actions, Mr. Boggis suffers from emotional/psychological trauma, anguish, and distress, including depressed mood, anxiety, paranoia, fear, insecurity, difficulty sleeping, and diminished quality and enjoyment of life.

26. As a result of the Defendant Officers' actions, Mr. Boggis suffered shame, humiliation, and embarrassment.

27. As a result of the Defendant Officers' actions, Mr. Boggis requires extensive medical and psychological treatment and has incurred medical expenses.

28. As a result of the Defendants' actions, Mr. Boggis was forced to attend a court appearance and defend himself against the false criminal charges fabricated by the Defendant Officers.

## **CLAIMS FOR RELIEF**

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AND/OR FOURTEENTH AMENDMENT UNREASONABLE SEIZURE, EXCESSIVE FORCE, AND FAILURE TO PROTECT AGAINST ALL DEFENDANTS

29. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

30. Based on the above factual allegations, Defendant Officer Hanson, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth and/or Fourteenth Amendment to the United States Constitution when he assaulted Plaintiff without justification.

31. Based on the above factual allegations, Defendant Officers Hennen, Fildes, Kvam, Van Dyke, Heide, and Sergeant Martin, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and excessive use of force under the Fourth and/or Fourteenth Amendment to the United States Constitution by failing to protect Plaintiff from Defendant Officer Hanson's excessive use of force. Defendant Officers Hennen, Fildes, Kvam, Van Dyke, Heide, and Sergeant Martin observed the Defendant Officer Hanson assaulting and using excessive force on Plaintiff and had the means and opportunity to prevent it, but nonetheless failed to protect Plaintiff from Defendant Officer Hanson's excessive use of force.

32. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST THE CITY OF MOORHEAD

33. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

34. Prior to November 3, 2019, Defendant City of Moorhead developed and maintained policies and/or customs exhibiting deliberate indifference towards the constitutional rights of persons in the City of Moorhead or in the custody of the City of Moorhead, which caused the violations of Plaintiff's constitutional rights.

35. It was the policy and/or custom of Defendant City of Moorhead to inadequately supervise and train its employees, including the Defendant Officers, thereby failing to adequately prevent and discourage further constitutional violations on the part of its employees.

36. As a result of these policies and/or customs and lack of training, employees of the City of Moorhead, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. These policies and/or customs and lack of training were the cause of the violations of Plaintiff's constitutional rights alleged herein.

**COUNT 3: ASSAULT AGAINST DEFENDANT OFFICER HANSON UNDER MINNESOTA STATE LAW**

38. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

39. Based on the above factual allegations, Defendant Officer Hanson assaulted Plaintiff. Specifically, the Defendant Officer Hanson engaged in wrongful, malicious, unlawful, and intentional conduct intended to put Plaintiff in immediate, imminent, and direct fear and apprehension of an offensive touching when he threw to the floor and assaulted Plaintiff, all without justification.

40. As a direct and proximate result of this assault, Plaintiff suffered damages as aforesaid.

**COUNT 4: BATTERY AGAINST DEFENDANT OFFICER HANSON UNDER MINNESOTA STATE LAW**

41. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

42. Based on the above factual allegations, Defendant Officer Hanson battered Plaintiff. Specifically, Defendant Officer Hanson engaged in intentional, offensive, and unpermitted contact with Plaintiff when he threw to the floor and assaulted Plaintiff, all without justification.

43. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### COUNT 5: NEGLIGENCE AGAINST DEFENDANT OFFICERS HENNEN, FILDES, KVAM, VAN DYKE, HEIDE, AND SERGEANT MARTIN UNDER MINNESOTA STATE LAW

44. Paragraphs 1 through 28 are incorporated herein by reference as though fully set forth.

45. Based on the above factual allegations, Defendant Officers Hennen, Fildes, Kvam, Van Dyke, Heide, and Sergeant Martin neglected their duty to intervene to prevent Defendant Officer Hanson from battering and harming Plaintiff. Defendant Officers Hennen, Fildes, Kvam, Van Dyke, Heide, and Sergeant Martin also neglected to report the excessive force used by Defendant Officer Hanson.

46. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants, finding that the Defendants violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and that Defendants are liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed the torts of assault and battery under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these torts;

c.  Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d.  Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e.  Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f.  Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

October 14, 2022                    By:   s/ Paul J. Bosman
                                          Paul J. Bosman
                                          Attorney License No. 0388865
                                          Attorney for Plaintiff
                                          2136 Ford Parkway, #5328
                                          Saint Paul, MN 55116
                                          Tel: (651) 485-7046
                                          Email: paul.bosman@gmail.com