IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Todd Boggis, | Case No. 22-CV-02576 WMW/LIB |
| Plaintiff, | |
| v. | |
| City of Moorhead; et al., | |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS FOR SANCTIONS, TO COMPEL DISCOVERY, AND MODIFY SCHEDULINR ORDER**

_____

### INTRODUCTION

Plaintiff filed this lawsuit after Defendants placed him under arrest asserting claims of unreasonable seizure, excessive force, and failure to protect under § 1983 against the named Officers. Plaintiff also asserts a *Monell* claim against the City of Moorhead. Despite the repeated good faith efforts of Defendants, Plaintiff has failed to cooperate with the discovery process. Defendants seek appropriate sanctions against Plaintiff, an order compelling Plaintiff to provide complete responses to the overdue discovery requests, and an order modifying the scheduling order. Defendants also seek their reasonable costs and fees related to this motion.

1

## FACTS

On March 28, 2023, Defendants served Plaintiff with their First Set of Interrogatories and Requests for Production of Documents. *Declaration Ashley Ramstad, ¶¶ 2,3; Exhibit 1: Plaintiff's Answers to Defendants' First Set of Interrogatories to Defendant; Exhibit 2: Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents.* Defendants subsequently made medical records requests with the signed authorizations provided by Plaintiff. After a review of the records Defendants received, it was determined more records were necessary because Defendants did not receive any of Plaintiff's medical records for his underlying injury alleged at issue in this lawsuit. Additionally, his records indicated he has had a history of a broken right leg, the same injury at issue here.

On November 10, 2023, Defendants served Plaintiff a Second Request for Production of Documents requesting signed authorizations to examine and copy all medical, psychological, rehabilitative, or drug and alcohol treatment records, including billing records, from those providers and facilities identified in Plaintiff's Answers to Defendants' first set of Interrogatories, for the period of November 3, 2009, to November 20, 2019. *Decl. Ramstad, ¶ 4; Exhibit 3: Defendants' Second Request For Production of Documents.* Defendants also served Plaintiff a deficiency letter requesting Plaintiff to supplement his Answer to Defendants' Interrogatory Nos. 9 and 11. *Decl. Ramstad, ¶ 5: Exhibit 4: Defendants' Deficiency*

*Letter to Plaintiff.* Additionally, Defendants requested Plaintiff provide responses to Defendants' Requests for Production of Documents Nos. 13 and 17. Defendants requested Plaintiff to respond to their deficiency letter by November 24, 2023. *Id.* On December 1, 2023, Defendants' counsel e-mailed Plaintiff's counsel after not getting a response. *Decl. Ramstad, ¶ 6; Exhibit 5; 12/1/23 E-mail to Plaintiff's Counsel.*

On December 14, 2023, Defendants' counsel e-mailed Plaintiff's counsel because Defendants still had not received a response to their deficiency letter nor had they received a response to their Second Request for Production of Documents. *Decl. Ramstad, ¶ 7; Exhibit 6; 12/14/23 E-mail to Plaintiff's Counsel.* Defendants requested Plaintiff provide the information by the end of the next business day informing Plaintiff if Defendants did not receive a response, Defendants would schedule a hearing and file a Motion to Compel pursuant to the pretrial scheduling order in this matter. To date, Defendants have not received any response from Plaintiff.

## ARGUMENT

**MOTION TO COMPEL**

The Federal Rules of Civil Procedure permit discovery of any "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Courts view this Rule broadly to encompass "any matter that bears on,

or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

The Rules also permit a party to move for an order compelling disclosure of discovery:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). For purposes of such a motion, evasive or incomplete disclosures, answers or responses are treated as a failure to disclose, answer, or respond. *See* Fed. R. Civ. P. 37(a)(4). A party confronted with evasive or incomplete disclosures, answers or responses to discovery requests is permitted to bring a motion compelling the opposing party to fully answer or otherwise respond to the discovery request. *See Id.*; Fed. R. Civ. P. 37(a)(3)(B). In addition, the court may order sanctions if a party or person fails to serve its answers after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34. Fed. R. Civ. P. 37(d).

Here, Plaintiff has failed to properly respond to Defendants' discovery requests and adhere to the requirements of the Federal Rules of Civil Procedure. Specifically, despite Defendants' good faith attempts to work with Plaintiff, Plaintiff has failed to provide Responses to Defendants' Second Request for

Production of Documents, failed to supplement his Answers to Defendants' First Set of Interrogatories; and failed to provide documents requested in Defendants' First Set of Requests for Production of Documents. Courts have held the failure to timely respond to discovery requests is a direct violation of Rule 37 and warrants appropriate sanction. *See Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 720-21 (8th Cir. 2010) (stating granting defendant's motion to compel was appropriate when plaintiff "failed to provide her damages computations" and otherwise failed to comply with the defendants' discovery requests.).

To date, Plaintiff's responses to Defendants' deficiency letter is two months overdue and his responses to Defendants' Second Request for Production of Documents is one month overdue. Defendants have repeatedly attempted to work with Plaintiff to obtain his outstanding discovery. Defendants have corresponded via e-mail highlighting Plaintiff's discovery failures and requesting Plaintiff provide the requested information, but have never received any response.

Rule 37(d)(1) specifically states failure to respond to discovery warrants appropriate sanctions from the court. Sanctions can include "dismissing the action" and "treating as contempt of court the failure to obey any order …" Fed. R. Civ. P. 37(b)(2)(A). In addition, "the court ***must*** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure …" Fed. R. Civ. P. 37(d)(3) (emphasis added).

In light of the rules, Defendants respectfully request the Court to issue an order for appropriate sanctions and an order compelling Plaintiff to, within 30 days of the court's order, supplement his Answers to Defendants' First Set of Interrogatories, respond to Defendants' First Requests for Production of Documents Nos. 13 and 17, and respond to Defendants' Second Requests for Production of Documents.

**MOTION TO MODIFY SCHEDULING ORDER**

A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); see also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause it if cannot reasonably be met despite the diligence of the party-seeking the extension."). Pursuant to Local Rule 16.3, a party that moved to modify a scheduling order must: (1) establish good cause, and (2) explain the proposed modifications. Furthermore, if the party moves to modify the discovery deadlines, a party must also: (1) describe what discovery remains to be completed: (2) describe the discovery that has been completed; (3) explain why not all discovery

has been completed; and (4) state how long it will take to complete discovery. L.F. 16.3.

Defendants have diligently sought discovery from Plaintiff as previously argued in this memorandum. After attempts to obtain responses, Defendants have now filed a Motion to Compel. Defendants' proposed modifications of the scheduling order will allow time for Defendants to receive appropriate authorizations to obtain all relevant medical records of Plaintiff and schedule Plaintiff's Rule 25 Medical Examination. Without the necessary records, Defendants cannot schedule one, and Plaintiff's cooperation in providing authorizations for said records is required to obtain said records. Defendants will need an additional six months to complete discovery.

## **CONCLUSION**

For the reasons argued herein, Defendants respectfully request the Court to issue an order for appropriate sanctions, an order compelling Plaintiff to supplement his Answers to Defendants' First Set of Interrogatories, respond to Defendants' First Requests for Production of Documents Nos. 13 and 17, and respond to Defendants' Second Requests for Production of Documents, and an order modifying the scheduling order.

Dated: February 2, 2024                s/ Ashley M. Ramstad
                                       Jason M. Hiveley, #311546
                                       Ashley M. Ramstad, #402446
                                       IVERSON REUVERS
                                       9321 Ensign Avenue South
                                       Bloomington, MN 55438
                                       (952) 548-7200
                                       jasonh@iversonlaw.com
                                       ashley@iversonlaw.com
                                       *Attorneys for Defendants*